Complainant brings this suit to rescind the sale of a gasoline station, to cancel a chattel mortgage and notes given as a part of the purchase price, and to recover so much of the purchase price as was paid. The transaction took place between complainant, the purchaser, and the defendant Mansey, as seller, through the defendant Segal, who appeared as the broker in the transaction. Complainant answered an advertisement of defendant Segal, and indicated her willingness to purchase a gasoline station. Segal took her to the station in question and induced her to purchase it, making a cash payment and executing notes and a chattel mortgage for the balance of the price. Complainant took over the station and operated it through her son for a short period during which time the gasoline station failed to make expenses, and then brought the present suit to compel a restoration of the status quo.
Complainant contends that she was induced to make the purchase by the fraudulent representation made to her by defendant Segal and further that Segal, ostensibly acting only as a broker for the seller, was the real owner of the gasoline station and that defendant Mansey was only a dummy for him.
Complainant testified, and was corroborated by members of her family, that Segal represented to her that the gasoline station had been operating at a profit and that the gross receipts from the station had been about $35 a day from the sale of gasoline and of automobile tires. Defendant Segal does not admit having made these representations, but his statement as to what he told complainant is vague and unconvincing. He gave various versions as to his knowledge of the receipts of the station prior to the purchase; and answering an interrogatory, he stated he had no knowledge or information *Page 168 
as to the receipts of the business, whereas later he admitted that he had obtained this information from Mansey. In addition, it was proven by the testimony of a former employe that for some time prior to the sale, Segal came to the gasoline station several times a week and inspected the records of the business. There appear to be other inconsistencies and contradictions in his testimony.
It was shown by the testimony of Mansey and by the bank statement of deposits made in connection with the business that the receipts were far less than as represented and that the business in fact had been running at a loss instead of at a profit. I therefore find that the representations were made as alleged, that they were false and that complainant was induced thereby to enter into the purchase.
Defendant Mansey, is, of course, bound by the acts of his agent, Segal, in bringing about a purchase, as he cannot retain the proceeds of the fraud committed by his representative.Towbin v. Pierro, 97 N.J. Eq. 259; affirmed, 99 N.J. Eq. 434.
The complainant is entitled to the relief prayed for.
This disposition of the suit renders it unnecessary to pass upon the question as to whether complainant is entitled to a rescission on the ground that Segal, while pretending merely to be an agent, was actually the principal, although there appears to be sufficient evidence to justify the granting of the relief prayed for on this ground alone. The deposit for electric service was in Segal's name, he received the cash payment on the purchase and did not immediately turn it over to Mansey, if at all, and personally attended to the recording and return to himself of the chattel mortgage. Upon the institution of this suit, without communicating with Mansey, he offered to effect a settlement. It is also significant that Mansey defaulted in this suit and only a considerable time later asked permission to come in and defend. All these circumstances seem to point towards ownership of the gasoline station by Segal.
 A decree will be advised accordingly. *Page 169